**EXCHANGE INSURANCE COMPANY,**
**formerly Exchange Mutual**
**Insurance Co.**

**v.**

**UNITED STATES DEPARTMENT OF**
**the INTERIOR, INTERIOR BOARD**
**OF LAND APPEALS.**

No. CIV–3–92–683.

United States District Court,
E.D. Tennessee,
at Knoxville.

April 9, 1993.

Gary S. Rubenstein, Susan E. Jackson, Schulman, LeRoy & Bennett, P.C., Nashville, TN, for plaintiff.

Margaret H. Poindexter, U.S. Dept. of the Interior, Office of Field Sol., Knoxville, TN, for defendant.

ORDER

HULL, District Judge.

This is an action under 30 U.S.C. § 1276 for judicial review of the final decision of the U.S. Department of Interior, Office of Hearing and Appeals, Interior Board of Land Appeals ordering forfeiture of two reclamation bonds. Plaintiff, Exchange Insurance Company (Exchange), was the respondent in two proceedings (IBLA89–75 and IBLA91–452) regarding bonds it had provided in sup-

port of Tennessee Permit No. TN82–213 (in the amount of $36,000) and Permit No. 83–C–018 (in the amount of $45,000). Plaintiff contends that the orders of forfeiture are illegal because the reclamation bonds in question were issued during a period between May 3, 1978 and August 10, 1982, for which forfeiture proceedings were voided by legislative enactment. It would have the U.S. Department of the Interior enjoined from proceeding further against it and the orders of forfeiture rescinded.

Both parties have briefed the legal issues. There are no facts in dispute.

In 1980, the State of Tennessee enacted the Tennessee Coal Surface Mining Law of 1980, Tenn.Code Ann. §§ 59–8–301 *et seq.* Effective August 10, 1982, the state's program was granted conditional approval pursuant to Section 503 of the Surface Mining Control and Reclamation Act of 1977, 30 U.S.C. § 1253 (1988). Effective April 30, 1984, pursuant to 30 CFR 733.12(f), the Office of Surface Mining instituted federal enforcement of certain portions of Tennessee's program that it had determined were not being adequately enforced. Effective October 1, 1984, the state repealed its surface mining laws. The Office of Surface Mining withdrew approval of the state's program, in full, effective October 1, 1984, and promulgated a federal regulatory program for the state.

Exchange issued two performance bonds pursuant to Tenn.Code Ann. § 58–1540, *et seq.* to support two different applications for mining permits filed during the "interim state regulatory program" (May 3, 1978 to August 10, 1982). These bonds were issued during a time when a bond was required by state law but none was required by federal law. Each of the bonds holds plaintiff "firmly bound unto the State of Tennessee (and its successors and assigns) ..." and neither obligates Exchange to the United States. However, these same bonds were used again as statutory bonds for new "permanent program permits" issued during a period of time when bonding was required by both the state and the federal government. No forfeiture proceedings were commenced on either bond prior to October 1, 1984, when the federal

Office of Surface Mining withdrew its approval of the state program and the state repealed its mining regulations. The federal government resumed management of the regulatory program and eventually issued numerous citations to the holders of the permits secured by Exchanges' bonds. In the absence of any attempt by the permittees to abate their violations, the Office of Surface Mining commenced bond forfeiture proceedings against the plaintiff.

Exchange made the same argument administratively that it makes in this Court. It contends that the bonds may not be considered statutory bonds and forfeited by the Office of Surface Mining because they were originally issued during the time when the federal agency did not require a bond. It is undisputed that, in 49 FR 38877 (Oct. 1, 1984), the Office of Surface Mining made a determination that it would not seek to assume responsibility over interim program bonds. Tennessee's Attorney General also issued an opinion that the those interim program bonds against which no forfeiture proceedings had been commenced by the state prior to October 1, 1984, were voided by the legislative repeal of the Tennessee program. However, the Attorney General noted that the federal government succeeded to any permanent program bonds as to which the state had not commenced forfeiture proceedings prior to October 1, 1984.

The Administrative Law Judge who heard these cases ruled that these bonds, while originally issued as "interim program bonds" became statutory bonds under both the state and federal regulatory systems when, with the consent of Exchange, they were used again to support second permits. He also held that the Office of Surface Mining is the "successor" to Tennessee's regulatory responsibilities and that Exchange bound itself to Tennessee's successor regardless of when the bonds issued.

Exchange makes an additional argument apparently not offered administratively. It points out that when the federal government resumed management of the regulatory program, it required permittees to change the payee of already posted reclamation bonds to include the United States as co-payee within

thirty days of the effective date of the program. 49 CFR 3887. Letters were sent to both the permittees of the bonds at issue in this suit ordering them to post new bonds or collateral payable to "the United States or the State of Tennessee" or provide an executed assignment of any acceptable bond adding the United States as payee. Exchange offers these letters as proof that, at that time, the United States did not consider the original bonds payable to it and that it did not intend simply to step into Tennessee's shoes, as its successor, when it created a new program for the state. Neither permittee in this case followed the government's instructions by submitting reissued or amended bonds.

This is not a proceeding *de novo* but is governed by the special process set out in the Surface Mining Control and Reclamation Act of 1977. 30 U.S.C. § 1276(a), (b), and (c). Petitions or complaints are to be heard "solely on the record" made during the administrative appeal process and any factual findings by the Secretary are "conclusive" if supported by substantial evidence. Legal conclusions are to be affirmed "unless the court concludes that such action is arbitrary, capricious, or otherwise inconsistent with law." 30 U.S.C. § 1276(a)(1).

In the Court's opinion, the Secretary's decision affirming the orders of forfeiture is supported by substantial evidence and applicable law. In each case the original "interim program bonds" were transferred, with Exchange's consent, to support permanent program permits. This made them not only statutory bonds pursuant to the Tennessee surface mining law but pursuant to federal law as well. The repeal of Tennessee's mining laws did not affect the bonds and the federal Office of Surface Mining became the state's successor in interest to the bonds as the sole regulatory authority in the state.

Accordingly, the Secretary's decision to forfeit these bonds is AFFIRMED and this action is DISMISSED.